## STABLER *v.* VILLAGE OF ALEXANDRIA.

*(Circuit Court, D. Minnesota.* May 19, 1890.)

MUNICIPAL CORPORATIONS—SERVICE OF PROCESS — SPECIAL LAW — VILLAGE OF ALEXANDRIA.

Since the charter of the village of Alexandria, (Act Minn. March 5, 1881,) § 21, provides that, when any suit is commenced against the village, the service therein shall be made by copy left with the recorder, the general law (Gen. Laws Minn. 1885, c. 153) prescribing for service of summons on municipal corporations on "the mayor or chief executive officer of such corporation" does not apply, and a service upon the village of Alexandria by leaving a copy with the president of the council is defective.

At Law. Motion to set aside summons.

*Reynolds, Stewart & Geo. H. Reynolds,* for plaintiff.

*H. Jenkins,* for defendant.

NELSON, J. Service of summons is set aside. The charter of the village of Alexandria, incorporated by act of the legislature of Minnesota approved March 5, 1881, provides in section 21, as follows:

"When any suit or action shall be commenced against said village, the service therein shall be made by copy left with the recorder of said village."

By the General Laws of Minnesota approved February 28, 1885, (chapter 153,) the manner prescribed for the service of summons upon municipal corporations is that it "shall be served upon the mayor or chief executive officer of such corporation," etc. The service was made in this case upon the "village of Alexandria, by handing to and leaving with N. P. Ward, president of council, a true and correct copy hereof, personally," etc. As there was a special law with regard to the village of Alexandria, contained in section 21 of the charter, the General Laws of 1885 did not supersede it. See *Amy* v. *City of Watertown*, 130 U. S. 308, 9 Sup. Ct. Rep. 530. Ordered that summons be set aside.